89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
David CLEMONS, Defendant-Appellant.
 No. 95-1208.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1995.
 
 Appeal from the United States District Court for the District of Connecticut (Ellen B. Burns, Judge ).
 APPEARING FOR APPELLANT: DAVID T. GRUDBERG, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, Connecticut.
 APPEARING FOR APPELLEE: JAMES I. GLASSER, Assistant United States Attorney for the District of Connecticut, Bridgeport, Connecticut.
 D.Conn.
 AFFIRMED.
 Before J. DANIEL MAHONEY, PIERRE N. LEVAL and JOSIE A. CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 1. Defendant-appellant David Clemons appeals from a judgment of conviction entered April 10, 1995 in the United States District Court for the District of Connecticut on his guilty plea to possession of ammunition in interstate commerce by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Clemons contends on appeal that he was improperly subjected to a four-level increase of his offense level for possession of the ammunition "in connection with another felony offense" within the meaning of USSG § 2K2.1(b)(5).
 
 
 4
 2. Clemons was arrested on February 23, 1994 in connection with a Bridgeport Police Department investigation of drug dealing in the vicinity of the Marina Village housing complex in Bridgeport, Connecticut. William Bailey, a Bridgeport police officer, surveilled the activities of Clemons and a group of his associates that morning from a vacant apartment across the street from them. In the course of his surveillance, Bailey observed and reported numerous narcotics transactions between members of the observed group and various purchasers. During one such transaction, Bailey observed Clemons standing on the sidewalk near the transaction repeatedly looking up and down the block. Bailey testified that he believed Clemons was acting as a lookout to ensure that the drug transaction would not be detected. Bailey also reported that after two other drug transactions, the sellers handed the monetary proceeds of the sales to Clemons.
 
 
 5
 3. At approximately 11:00 a.m., Bailey ended his surveillance and the participants in the drug trafficking were arrested, including Clemons. At the time of his arrest, a Baretta .9 mm semiautomatic handgun with a fully loaded clip and a round in its chamber was found on the floor adjacent to Clemons. Clemons also had a loaded ammunition clip in his pants pocket. The forensic laboratory of the Federal Bureau of Investigation concluded that the ammunition in Clemons' pocket had been in the Baretta handgun.
 
 
 6
 4. At sentencing, the district court enhanced Clemons' offense level four levels for possession of ammunition in connection with another felony offense pursuant to § 2K2.1(b)(5). The district court found "that, by a preponderance of the evidence, the defendant possessed the ammunition to which he pled guilty in this case in connection with another felony, namely the drug trafficking." Clemons argues that this four-level enhancement was not supported by sufficient evidence, and that his sentence should be vacated and modified accordingly.
 
 
 7
 5. "Facts in support of a sentencing calculation need only be proven by a preponderance of the evidence, and the district court's findings will not be disturbed unless clearly erroneous." United States v. Beverly, 5 F.3d 633, 642 (2d Cir.1993). Clemons argues, however, that the district court's findings in this case should be reviewed de novo. He cites in support of this view United States v. McGregor, 11 F.3d 1133, 1138-39 (2d Cir.1993), which reviewed de novo a district court's conclusion that the defendant's behavior caused him to be classified as a "supervisor" within the meaning of USSG § 3B1.1. McGregor is clearly distinguishable. In that case, the historical facts were not in dispute; the only issue was whether, given those facts, the defendant was to be considered a "supervisor" for purposes of the applicable guideline. This is clearly a question of law; "the Guidelines do not clearly define the term 'supervisor' and the courts must make this determination." Id. at 1138. Here, the district court was required to determine not whether a given set of historical facts fell within a legal category, but rather whether from a given set of historical facts a further historical fact could be inferred (namely, that Clemons was participating with the other individuals at the surveilled location in their narcotics trafficking activities). This is a question of fact whose resolution we may overturn only if it is clearly erroneous.
 
 
 8
 6. The district court's conclusion that Clemons possessed the ammunition in connection with the felony of drug trafficking is, to say the least, not clearly erroneous. Clemons cites a number of cases which hold that mere presence at the scene of a crime and mere contact with the perpetrators are insufficient to prove participation in a conspiracy. These cases all involved, however, the question whether guilt had been proved beyond a reasonable doubt, whereas factual determinations for sentencing purposes need only be established by a preponderance of the evidence. In any event, Bailey's testimony and the circumstances of Clemons' arrest clearly established that Clemons' activities at the surveilled site far transcended mere presence at a scene of narcotics trafficking.