99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellant,
v.
Ola LITAN, Defendant-Appellant.
 Nos. 95-1155, 95-2167.
 United States Court of Appeals, Second Circuit.
 Dec. 6, 1995.
 
 Before JON O. NEWMAN, Chief Judge and WILFRED FEINBERG and RICHARD J. CARDAMONE, Circuit Judge.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Defendant Ola Litan appeals from the March 21, 1995, judgment of the District Court convicting him, after a jury trial, of twenty-five counts of unauthorized use of an access device in violation of 18 U.S.C. §§ 1029(a)(2) and (b)(1), and sentencing him to a term of imprisonment. Litan also appeals from the Order entered on April 3, 1995, denying his post-trial motion for a new trial, made pursuant to Fed.R.Crim.P. 33 and 28 U.S.C. § 2255. On appeal, Litan argues that the evidence was insufficient to support his conviction and that he did not receive the effective assistance of counsel. He also challenges the District Court's decision not to grant him a downward departure in his sentence. We reject defendant's arguments.
 
 
 4
 1. Litan argues that the Government failed to prove intent to defraud because the evidence at trial was largely circumstantial. This contention has no merit. Because there is rarely direct evidence of a defendant's state of mind, the jury's verdict may be based entirely on circumstantial evidence. See United States v. Sureff, 15 F.3d 225, 228 (2d Cir.1994). In this case, the Government presented ample evidence to establish Litan's criminal intent. Of every dollar of actual credit card sales transacted in Litan's store, ninety-six cents were fraudulent. For every credit card charge over $160, the cardholder disputed the sale and Litan could not produce the required signed charge slip indicating that a valid charge had been made. The $60 average ticket price of his inventory was nowhere near the thousand-dollar-plus credit card purchases he was processing. On numerous occasions Litan engaged in the common practice in credit card fraud cases of "call downs"; in other words, when a credit card was not cleared for a particular sale, Litan would immediately reenter the card at a lower purchase amount in an attempt to obtain clearance. From this evidence the jury could reasonably find intent.
 
 
 5
 Litan also argues the evidence was insufficient to support his convictions relating to attempted credit card charges, because the absence of attempted but declined charges on the customers' monthly statements raises a reasonable doubt as to whether these attempts actually occurred. Since the record demonstrates that the usual business practice is for the merchant's bank, not the customer's bank, to record attempted charges, it is irrelevant that the attempted charges do not appear on the customer statements.
 
 
 6
 2. In order to prevail on his claim of ineffective assistance of counsel, appellant must demonstrate that his representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; see also United States v. Aguirre, 912 F.2d 555, 560 (2d Cir.1990). We agree with the District Court that the record reveals that trial counsel's performance was competent and professional. Moreover, none of the purported errors would have affected the outcome of the trial. For example, proving that the attempted charges were not listed on the customer statements would have been irrelevant. Calling Litan's employees to testify that he "scrupulously" followed proper credit card processing procedures would have been of marginal value, and may have opened the door to damaging revelations. Litan has failed to satisfy either prong of the Strickland test.
 
 
 7
 3. Litan argues that the District Court erred in declining to grant a downward departure for "extraordinary physical impairments," because the Court's factual determination that Litan's medical problems were not "extraordinary" is clearly erroneous. "Absent a showing that a sentencing court was under the mistaken belief that it lacked authority to depart downward, the exercise of its discretion not to depart from the applicable Guideline range is not appealable." United States v. McGregor, 11 F.3d 1133, 1138 (2d Cir.1993). In this case, as defendant concedes, the District Court clearly understood its authority, and merely declined to exercise its discretion. Litan's reliance on United States v. Lara, 905 F.2d 599 (2d Cir.1990) is misplaced. In Lara this Court did not review a sentencing court's refusal to depart downward, but rather examined whether the sentencing judge's decision to grant a downward departure was valid. See id. at 602.
 
 
 8
 Litan also contends that the District Court's refusal to grant a downward departure because of Litan's family responsibilities rested on the mistaken belief that it did not have the authority to do so. This Court will "not normally infer that the sentencing court believed it had no authority to depart where it gave no indication that it had such a belief...." See United States v. Ekhator, 17 F.3d 53, 55 (2d Cir.1994). The statements made in those instances in which this Court found remand necessary were much more explicit than the District Court's purportedly ambiguous statement in this case. See, e.g., id. at 54 ("I ... wish that the law permitted me to do something, but it doesn't."); United States v. Califano, 978 F.2d 65, 66 (2d Cir.1992) ("If I were free to do it, I wouldn't be sentencing anywhere near twenty years, but that's beside the point."). The District Court gave no indication that it felt constrained by law from departing from the guidelines, and we therefore decline to remand for resentencing.