101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Dwayne HENDERSON, also known as James Gordon, also known as
James Green; Pamela Franklin, also known No.
95-1439 as Samantha Ferguson, also known
as Demetria Grant, Defendants,
Damilola Odumosu, also known as Carl James, also known as
Lola also known as Calvin Dickens, Defendant-Appellant.
 No. 95-1439.
 United States Court of Appeals, Second Circuit.
 April 10, 1996.
 
 Appearing for Appellant: David J. Wenc, Windsor Locks, Connecticut.
 Appearing for Appellee: Althea E. Seaborn, Assistant United States Attorney, District of Connecticut, Bridgeport, Connecticut.
 Before WINTER, JACOBS and CALABRESI, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Damilola Odumosu appeals from the sentence of thirty-three months imprisonment, three years supervised release, restitution in the amount of $13,300 and a special assessment of two hundred dollars imposed by Judge Daly after Odumosu's plea of guilty to four counts of knowing use of counterfeit access devices in violation of 18 U.S.C. § 1029(a)(1). Odumosu appeals his sentence on two grounds. First, he argues that the district court impermissibly "double counted" certain conduct when it enhanced his Sentencing Guidelines offense level two points under U.S.S.G. § 2F1.1(b)(2) because the offense involved more than minimal planning, and when it further enhanced an additional two points under U.S.S.G. § 3B1.1(c) because of Odumosu's role as organizer or leader of the criminal activity. Second, Odumosu argues that the district court should have departed downward from his criminal history category pursuant to U.S.S.G. § 4A1.3 because his calculated criminal history category over-represented the seriousness of his actual criminal history. We consider these arguments in turn.
 
 
 4
 Odumosu's first argument is meritless. In United States v. Rappaport, 999 F.2d 57 (2d Cir.1993), we rejected an identical double counting argument, noting that "double counting is legitimate where a single act is relevant to two dimensions of the Guidelines analysis," id. at 60 (internal quotation marks and citation omitted), and "leading and planning are disparate aspects of criminal conduct," id. at 61. See also United States v. Stevenson, 68 F.3d 1292, 1294 (11th Cir.1995) ("A clear majority of the circuits have held that the application of both [U.S.S.G. §§ 2F1.1(b)(2) and 3B1.1] is permitted by the Guidelines.") (citing cases). Odumosu seeks to avoid our holding in Rappaport by arguing that the very conduct that made him an organizer for purposes of Section 3B1.1(c) was also so intricate that it necessarily involved more than minimal planning, impermissibly subjecting him to yet another enhancement. We reject this convoluted argument. While it is true that "a sentencing court cannot, in addition to an increase for 'more than minimal planning,' apply a role-in-the-offense enhancement premised solely upon the extensiveness of the defendant's preparations and planning," United States v. Greenfield, 44 F.3d 1141, 1146 n. 3 (2d Cir.1995) (emphasis in original), the record in this case clearly indicates that the district court did no such thing. Judge Daly expressly indicated to Odumosu that "I want to make clear ... that I did not consider your planning when enhancing your offense level for role in the offense. I considered that when enhancing your role for more than minimal planning, and I did not consider it twice."
 
 
 5
 Odumosu's second argument fares no better. We will assume for purposes of this appeal that Odumosu's counsel adequately requested a downward departure pursuant to Section 4A1.3 by asking the district court at sentencing to "use [its] discretion not to adjust up to a criminal history category number three." Odumosu nevertheless may not challenge on appeal the district court's discretionary decision not to depart downward. Absent a showing that the district court was under the mistaken belief that it lacked authority to depart downward, the exercise of its discretion not to depart is not appealable. See United States v. McGregor, 11 F.3d 1133, 1138 (2d Cir.1993). Odumosu contends in the alternative that the district court was obligated to give its reasons for not granting a downward departure under Section 4A1.3, and that by not doing so, the district court incorrectly applied the Sentencing Guidelines. We disagree. "[N]o statement of reasons is required if the district court refuses to downwardly depart at all, because that exercise of discretion is unappealable unless it results from the district court's misunderstanding of its own authority." United States v. Lawal, 17 F.3d 560, 563 (2d Cir.1994).
 
 
 6
 Affirmed.