101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Diego Enrique DELGADO-SAENZ; Jose Ivan Restrepo; Ricardo
Fonseca, also known as Carlos, also known as
Carlucci, Defendants,
Ramon Ramirez, Defendant-Appellant.
 No. 95-1476.
 United States Court of Appeals, Second Circuit.
 April 10, 1996.
 
 Appearing for Appellant: Christine E. Yaris, New York, New York.
 Appearing for Appellee: Eric D. Bernstein, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 Before OAKES, WINTER and CALABRESI, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Ramon Ramirez appeals from the sentence imposed by Judge Johnson after Ramirez's plea of guilty to conspiracy to import cocaine in violation of 21 U.S.C. § 963. Ramirez was sentenced to 87 months imprisonment, three years supervised release, and a $50 special assessment. He raises two issues on appeal.
 
 
 4
 First, he contends that the district court erred in sentencing him based upon the full amount of cocaine in his possession at the time of his arrest, rather than upon the amount of cocaine that he expected to handle in the transaction for which he was arrested. He argues that the Sentencing Guidelines impose a test of reasonable foreseeability in conspiracy cases and that he foresaw only 2.5 kilograms of cocaine, rather than the actual 3.7 kilograms, as being involved in the transaction.
 
 
 5
 We have previously rejected this argument. The Guidelines do not require "that the defendant know or foresee the total quantity of drugs in his possession to be sentenced for the full amount [with which he is directly involved]." United States v. de Velasquez, 28 F.3d 2, 5 (2d Cir.), cert. denied, 115 S.Ct. 679 (1994). The Guidelines do impose a reasonable foreseeability test in conspiracy cases, but it applies only in the context of the foreseeability of the conduct of co-conspirators, not of the quantity of drugs with which a defendant is directly involved. See id. at 6; United States v. Martinez, 987 F.2d 920, 926 (2d Cir.1993); U.S.S.G. § 1B1.3, comment. (n. 2).
 
 
 6
 Second, Ramirez asserts that the district court erred in imposing a two-level enhancement under United States Sentencing Guideline § 3B1.1(c) for his leadership role in the offense. A sentencing court's findings of fact as to a defendant's role in the offense will be overturned only if they are clearly erroneous, but the conclusion that a defendant was an organizer, leader, manager, or supervisor involves a legal interpretation of the Guidelines that this court reviews de novo. United States v. McGregor, 11 F.3d 1133, 1138 (2d Cir.1993) (citing United States v. Spencer, 4 F.3d 115, 120 (2d Cir.1993)).
 
 
 7
 Appellant contends that he was merely a "pawn for others," but the sentencing court accepted the probation department's recommendation of a two-level managerial role enhancement because it found that "the extent of [Ramirez's] participation in the charge of importation, the fact that he recruited the courier, was asked to recruit additional couriers and got a thousand dollars per courier, ... directed the courier's activity, ... [and] paid for the airline ticket and the expenses for the courier's trip overseas to Costa Rica and Panama" justified the enhancement. These findings are not clearly erroneous--indeed, Ramirez essentially admits they are true--and the legal conclusion flowing from them, that appellant qualified for the upward adjustment, is justified. See U.S.S.G. § 3B1.1, comment. (n. 3 & n. 4); United States v. Leonard, 37 F.3d 32, 38 (2d Cir.1994).
 
 
 8
 We therefore affirm.