108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of AMERICA, Appellee,
v.
Sang W. KO, aka Wayne Ko, Defendant-Appellant.
 No. 96-1396.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 Robert E. Nicholson, New York, NY, appearing for appellant.
 Karen B. Shaer, Assistant United States Attorney, appearing for appellee.
 WALKER, McLAUGHLIN, Circuit Judges.
 
 
 1
 CHIN,* Judge.
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment of the district court is hereby AFFIRMED.
 
 
 4
 On October 6, 1993, pursuant to a cooperation agreement with the government, appellant Sang W. Ko pleaded guilty to one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371, and five counts of bribing and attempting to bribe an agent of the Internal Revenue Service, in violation of 18 U.S.C. § 201(b)(1). On April 16, 1996, the district court sentenced Ko to a term of imprisonment of one year and one day, to be followed by three years of supervised release, a fine of $25,000, and a special assessment of $300. Ko appeals his sentence on three grounds.
 
 
 5
 First, claiming that his role in the bribery conspiracy was solely as a middleman, Ko asserts that the district court erred by increasing his offense level by four pursuant to U.S.S.G. § 3B1.1 for his role as an organizer of the conspiracy. We disagree. Facts in connection with sentencing need be established only by a preponderance of the evidence, United States v. Sasso, 59 F.3d 341, 353 (2d Cir.1995), and a sentencing court's findings of facts as to a defendant's role in the offense will be overturned only if they are clearly erroneous, United States v. McGregor, 11 F.3d 1133, 1138 (2d Cir.1993).
 
 
 6
 Section 3B1.1 requires that a district court increase by four the offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1. In determining whether a defendant was an organizer, the district court should consider whether the defendant exercised decision making authority, the extent of the defendant's participation in the offense, his role in recruiting accomplices, his role in planning or organizing the offense, and the degree of control or authority the defendant exercised over other co-conspirators. U.S.S.G. § 3B1.1 comment. (n.4).
 
 
 7
 In this case, the district court determined that Ko was an organizer after considering that Ko was at the "center of the scheme ... and was careful to keep himself at the center." Ko assured that he alone dealt with the potential briber and the IRS agent. Ko gave instructions with respect to the manner in which the bribes were to be split between himself and the agent. While the district court recognized that a co-conspirator recruited some accomplices, Ko was the source for at least two. The district court stated: "[S]tanding as a bridge connecting the [briber and the agent] was Mr. Ko and Mr. Ko alone. He not only built and manned and sustained the bridge, he was present at the toll gate leading over the bridge and put a considerable amount of money into his pocket as a result of these bribes."
 
 
 8
 We easily conclude that the district court was not clearly erroneous in determining that Ko was an organizer of the conspiracy, meriting a four-level increase in the base level offense. See e.g., United States v. DeRiggi, 72 F.3d 7, 8 (2d Cir.1995) (four-level enhancement based on defendant's role as organizer in bribery scheme not clearly erroneous where defendant exercised control over the scheme and played an integral role in its organization); United States v. Pitre, 960 F.2d 1112, 1126-27 (2d Cir.1992) (district court not clearly erroneous in finding defendant was leader where defendant conducted negotiations regarding drug price, quantity and location of transaction); United States v. Parker, 903 F.2d 91, 104 (2d Cir.1990) (four-level increase for organizer of robbery proper where defendant planned details, recruited friends as accomplices, assigned roles, and controlled distribution of proceeds). Even if, as Ko argues, a co-conspirator played a leadership role, the district court was not precluded from finding Ko to have been an organizer as well. See e.g., United States v. Garcia, 936 F.3d 648, 656 (3d Cir.1991).
 
 
 9
 Second, Ko appeals the extent of the district court's downward departure pursuant to U.S.S.G. § 5K1.1, arguing that the district court erred by imposing a term of imprisonment on Ko rather than a term of probation. As a general matter, a defendant cannot appeal the extent of a departure made pursuant to § 5K1.1. United States v. Lucas, 17 F.3d 596, 599 (2d Cir.1994). The only exceptions to this rule are that a defendant may appeal the extent of a downward departure if the departure was made in violation of the law or as a result of a misapplication of the Guidelines. United States v. Moe, 65 F.3d 245, 251 (2d Cir.1995). As neither circumstance is present in this case, we may not review the extent of the departure. Id.; Lucas, 17 F.3d at 599.
 
 
 10
 Finally, Ko argues that he entered a plea agreement with the government pursuant to Fed.R.Crim.P. 11(e)(1)(B) and that the district court was thus required to advise him that he had no right to withdraw his plea if the court rejected the parties' recommended sentence. Fed.R.Crim.P. 11(e)(2). Rule 11(e)(1)(B) provides that the parties may enter into plea agreement where the government "make[s] a recommendation, for a particular sentence...." Because the plea agreement in this case makes no recommendation as to a particular sentence, we conclude that it is not an 11(e)(1)(B) agreement and find Ko's argument to be without merit.
 
 
 11
 We have carefully considered appellant's other arguments on appeal and find them to be without merit.
 
 
 12
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation