UNITED STATES of America, Appellee,

v.

Genti CAVER, Defendant–Appellant.

Docket No. 01–1412.

United States Court of Appeals, Second Circuit.

Jan. 18, 2002.

Timothy W. Hoover, Assistant Federal Defender, Federal Public Defender's Office for the Western District of New York, Buffalo, NY, for Appellant.

Joel Louis Violanti, Assistant United States Attorney; Kathleen M. Mehltretter, United States Attorney for the Western District of New York, on the brief, Buffalo, NY, for Appellee.

Present WALKER, Chief Judge, CABRANES, and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Genti Caver ("Caver") appeals from a judgment of conviction and sentence entered by the United States

District Court for the Western District of New York (Arcara, *D.J.*), following his plea of guilty to unlawful possession of a weapon by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1) and unlawful dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A). He was sentenced to 84 months' imprisonment, three years' supervised release and a $200 special assessment, and is currently serving his sentence.

The plea agreement entered into between Caver and the government sets forth the factual basis for his plea of guilty; it provides, *inter alia*, that, on several occasions during 1999 and 2000, defendant unlawfully obtained firearms that he later resold in the Buffalo area. He obtained these weapons from his girlfriend, who had purchased the firearms at defendant's direction in Georgia. Defendant then transported the weapons to Buffalo, New York, where he illegally sold approximately ten guns to others. Caver was arrested on January 27, 2000 and thereafter, pursuant to a waiver of indictment and plea agreement, pled guilty on February 15, 2001. The district court conducted a sentencing hearing on July 13, 2001 and judgment was entered on July 27, 2001. This timely appeal followed.

On appeal, Caver challenges two enhancements applied by the district court at sentencing. Specifically, he argues that (1) there is no basis for a four-level sentencing enhancement under § 2K2.1(b)(5) of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"); and (2) the district court erred in applying a two-level enhancement under § 3B1.1(c) of the Guidelines for his role in the offense.

■■■ "[W]e review a district court's interpretation and application of the Guidelines *de novo*, and its findings of related facts for clear error." *United*

*States v. Ahmad,* 202 F.3d 588, 590 (2d Cir.2000). It is well established that "[t]he government bears the burden of proving, by a preponderance of the evidence, facts relevant to sentencing." *United States v. Williams,* 247 F.3d 353, 358 n. 7 (2d Cir. 2001).

■■■ Section 2K2.1(b)(5) of the Guidelines provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). In determining whether § 2K2.1(b)(5) applies, "the evidence must be viewed in its totality." *United States v. Martin,* 78 F.3d 808, 812 (2d Cir.1996). The provision "does not require knowledge of the specific offense to be committed." *Id.* (internal quotation marks omitted).

■■ At sentencing, the district court made the following findings and conclusions with respect to the applicability of § 2K2.1(b)(5):

> The evidence showed that the defendant enlisted the assistance of a female accomplice, Shirley Johnson, to purchase the weapons on his behalf so that he in turn resold them to third parties. Defendant sold at least ten and possibly as many as fifteen guns in this manner. At least four were ultimately used in connection with other felonies. And the Court finds that based upon the totality of the circumstances, and the defendant's modus operandi, defendant subjectively had reasons to believe the guns he was selling would be used in connection with other felony offenses.

In addition, the district court observed at sentencing that the guns involved were handguns and that defendant had informed his girlfriend that "he was going to take the numbers off the guns."

In light of the district court's findings, we disagree with defendant that the evidence presented at sentencing was insufficient to support the enhancement under § 2K2.1(b)(5). Given the number of guns, defendant's stated intention to remove the serial numbers from them, and the fact that the weapons sold were handguns, we conclude that the district court's finding that defendant knew or had reason to believe that the guns would be used to commit a felony was not clear error. *See, e.g., Martin*, 78 F.3d at 812 (upholding enhancement under § 2K2.1(b)(5) due to the "large number of guns involved, the types of weapons [sold], and the unusual circumstances surrounding their purchase").

 We also reject defendant's contention that the district court erred in applying an enhancement under § 3B1.1(c) of the Guidelines for his role in the offense. Section 3B1.1(c) provides for a two-level enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b) [of this Section]." U.S.S.G. § 3B1.1(c). " 'Whether a defendant is considered a leader depends upon the degree of discretion exercised by him, the nature and degree of his participation in planning or organizing the offense, and the degree of control and authority exercised over the other members of the conspiracy.' " *United States v. Brinkworth*, 68 F.3d 633, 642 (2d Cir.1995) (quoting *United States v. Beaulieau*, 959 F.2d 375, 379–80 (2d Cir.1992)).

Defendant argues that this case falls within the purview of *United States v.*

*McGregor*, 11 F.3d 1133 (2d Cir.1993), in which we reversed an enhancement under § 3B1.1(c) based on evidence that the defendant had directed his wife to give two packages of cocaine to buyers that were coming to their home. *Id.* at 1139. In that case, we concluded that this minor request, "against the whole background of the case" did not make the defendant an " 'organizer, leader, manager, or supervisor' " within the meaning of § 3B1.1(c). *Id.* (quoting U.S.S.G. § 3B1.1(c)). However, *McGregor* is readily distinguishable on its facts.

Unlike the defendant in *McGregor*, Caver was not a participant in a long-term criminal enterprise who merely asked his wife for a one-time favor to assist in the criminal activity. Rather, Caver directed the entire criminal enterprise, which involved, *inter alia*, going to Georgia, obtaining the assistance of his girlfriend, and instructing her on which type of guns to purchase. *See McGregor*, 11 F.3d at 1139 ("In the usual case, obtaining the services of a participant would make one a supervisor subject to an enhanced sentence."). Accordingly, we conclude that the district court was correct in its application of § 3B1.1(c) given the facts of this case.

For the foregoing reasons, the judgment of the district court is AFFIRMED.