PER CURIAM:
 

 Peter Califano appeals from a judgment of the United States District Court for the Eastern District of New York that sentenced him, following his plea of guilty, to 235 months’ imprisonment, five years’ supervised release, a $10,000 fine, and a $50 special assessment. Califano contends that the district judge did not fully appreciate his power to downwardly depart from the calculated guideline range for extraordinary family circumstances.
 

 Although a decision not to downwardly depart is normally unreviewable,
 
 see, e.g., United States v. Prescott,
 
 920 F.2d 139, 145-46 (2d Cir.1990);
 
 United States v. Tillem,
 
 906 F.2d 814, 829 (2d Cir.1990), an exception exists when the district court was under the mistaken belief that it lacked authority to depart.
 
 See, e.g., United States v. Rogers,
 
 972 F.2d 489, 492 (2d Cir.1992) (sentence reviewable when district court under mistaken conclusion that, as a matter of law, it lacked the authority to downwardly depart);
 
 United States v. Ritchey,
 
 949 F.2d 61, 63 (2d Cir. 1991) (per curiam) (remand warranted where record did not reveal whether refusal to downwardly depart was based on exercise of discretion or mistaken conception of authority under sentencing guidelines);
 
 United States v. Richardson,
 
 923 F.2d 13, 15 (2d Cir.1991);
 
 Prescott,
 
 920 F.2d at 145-46;
 
 United States v. Sharpsteen,
 
 913 F.2d 59, 63 (2d Cir.1990);
 
 United States v. Adeniyi,
 
 912 F.2d 615, 618 (2d Cir.1990).
 

 We have recently recognized the considerable discretion of the district court to depart downwardly for extraordinary family circumstances in
 
 United States v. Johnson,
 
 964 F.2d 124, 129-30 (2d Cir.1992) (approving district court’s grant of 10-level downward departure for defendant’s extraordinary family circumstances).
 
 See
 
 
 *66
 

 also Sharpsteen,
 
 913 F.2d at 63;
 
 Ritchey,
 
 949 F.2d at 63.
 

 At the two sentencing hearings, both held before our decision in
 
 United States v. Johnson, supra,
 
 the district judge expressed some concern about the limits of his authority to downwardly depart. After reducing Califano’s offense level by two points for acceptance of responsibility, the court stated:
 

 I don’t further depart.
 
 I don’t think there’s a justification for a further departure
 
 below that. I must say that the guidelines of 30 years to life seem to me Draconian, in a word. I can’t understand that, but that’s not my province. That’s the province of the people who set the guidelines * * *. I’m sorry. The guidelines are the guidelines. * * *. I’ll impose the minimum under the offense level 38, the minimum that I have to * * *.
 

 (emphasis added).
 

 At the second sentencing hearing, the judge departed two points further, continuing:
 

 If I were free to do it, I wouldn’t be sentencing anywhere near twenty years,
 
 but that’s besides the point. * * *. I’ll depart two levels on the ground [sic] his children are in bad shape. His wife, he’s divorced. There’s a drug addiction. As soon as is conceivable, he ought to be getting back to help them * * *.
 

 (emphasis added).
 

 These comments by the district judge leave us uncertain as to whether his decision “was based on an exercise of discretion or a mistaken conception of [his] authority under the guidelines.”
 
 Ritchey,
 
 949 F.2d at 63.
 

 Our opinion in
 
 Johnson
 
 has now clarified his authority; we therefore vacate Califa-no’s sentence, and remand for resentencing so that the district judge may determine and indicate on the record whether, and to what extent, he will exercise that authority-