UNITED STATES of America, Appellee,

v.

Osaren EKHATOR, Defendant–Appellant.

No. 22, Docket 92–1526.

United States Court of Appeals,
Second Circuit.

Argued Feb. 1, 1994.

Decided Feb. 23, 1994.

Julie E. Katzman, Assistant United States Attorney, Brooklyn, New York (Zachary W. Carter, United States Attorney for the Eastern District of New York, David C. James, Assistant United States Attorney, Brooklyn, New York, on the brief), for Appellee.

Harriet B. Rosen, New York, New York, for Defendant–Appellant.

Before: FEINBERG, OAKES, and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Defendant Osaren Ekhator appeals from a final judgment of the United States District Court for the Eastern District of New York, following her plea of guilty before I. Leo Glasser, *Judge,* to one count of importing heroin into the United States, in violation of 21 U.S.C. § 952(a), 960(a)(1), and 960(b)(2)(A) (1988). She was sentenced principally to 51 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Ekhator contends that the district court erroneously believed that it

lacked authority to grant a *sua sponte* departure on the basis of her family circumstances. Because the court's statement in withholding such a departure lends support to this contention, we vacate the judgment and remand for resentencing.

## I. BACKGROUND

Ekhator was arrested in February 1992 after she arrived in the United States on a flight from Lagos, Nigeria, carrying 980.9 grams of 73% pure heroin. After being indicted for importing heroin and for possessing heroin with intent to distribute, Ekhator entered into a plea bargain with the government. The government agreed to allow Ekhator to plead guilty to an importation offense that carried no mandatory minimum penalty; Ekhator agreed not to move for a downward departure.

The federal Sentencing Guidelines ("Guidelines") prescribed an imprisonment range for Ekhator of 51 to 63 months. Prior to sentencing, though not moving for a downward departure, Ekhator's counsel Thomas White advised the sentencing court of "the grave personal family difficulties" that Ekhator faced as, *inter alia,* the widowed mother of five children, three of whom suffered serious health problems. Ekhator also wrote the court and submitted letters from relatives and her family doctor in Nigeria, and asked the court to consider these statements and impose the minimum possible sentence. At the sentencing hearing, the court responded as follows:

> I read all of the letters, Miss Ekhator. I received your letter and I received Mr. White's letter, and I received letters from a number of other people from your country.
>
> I wish you had thought about all of this before you had decided to try and bring drugs into the country. I also wish that the law permitted me to do something, but it doesn't.

(Sentencing Transcript, August 17, 1992, at 7–8.) The court sentenced Ekhator to 51 months' imprisonment, the minimum within the prescribed Guidelines range.

Ekhator has appealed, contending that the district court erroneously believed that it lacked authority to depart downward *sua sponte* on the basis of her family circumstances.

## II. DISCUSSION

■ In this Circuit, a district court has the authority to depart downward for extraordinary family circumstances, including parental responsibilities. *See, e.g., United States v. Califano,* 978 F.2d 65, 65 (2d Cir.1992) (per curiam); *United States v. Johnson,* 964 F.2d 124, 128–30 (2d Cir.1992); *United States v. Sharpsteen,* 913 F.2d 59, 63 (2d Cir.1990). In addition, the court has the authority to grant a departure on this ground *sua sponte,* even though the defendant may have entered into a plea agreement in which she agreed not to move for a downward departure. *See United States v. Braimah,* 3 F.3d 609, 612 (2d Cir.1993).

■ When a district court has discretion to depart from the sentencing range prescribed by the Guidelines and has declined to exercise that discretion in favor of a departure, its decision is normally not appealable. *See, e.g., United States v. Whittaker,* 999 F.2d 38, 43 (2d Cir.1993); *United States v. Miller,* 993 F.2d 16, 21 (2d Cir.1993); *United States v. Grasso,* 6 F.3d 87, 88 (2d Cir.1993) (per curiam); *United States v. Ritchey,* 949 F.2d 61, 63 (2d Cir.1991) (per curiam). However, if the district court has declined to depart relying on the mistaken belief that it lacked authority to depart, its decision is appealable. *See, e.g., United States v. Speenburgh,* 990 F.2d 72, 75 (2d Cir.1993); *United States v. Califano,* 978 F.2d at 65; *United States v. Richardson,* 923 F.2d 13, 15 (2d Cir.1991); *United States v. Sharpsteen,* 913 F.2d at 63. We will not normally infer that the sentencing court believed it had no authority to depart where it gave no indication that it had such a belief or where it simply expressed sympathy for the defendant but found the circumstances not to warrant departure. *See, e.g., United States v. Caming,* 968 F.2d 232, 241–42 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 416, 121 L.Ed.2d 339 (1992).

■ If in declining to depart the district court stated a belief that it had no power to depart, and if that belief was erroneous, we vacate the sentence and remand for further proceedings within the proper legal framework. *See, e.g., United States v. Monk,* 15 F.3d 25, 28–29 (2d Cir.1994); *United States v. Cheng Ah–Kai,* 951 F.2d 490, 494 (2d Cir.1991). Further, if we are unable to discern whether the district court's refusal to depart resulted from the exercise of its discretion or instead resulted from a perceived, but mistaken, lack of authority, we remand to the district court for resentencing. *See, e.g., United States v. Speenburgh,* 990 F.2d at 75–76; *United States v. Califano,* 978 F.2d at 66; *United States v. Rogers,* 972 F.2d 489, 495 (2d Cir.1992); *United States v. Ritchey,* 949 F.2d at 63. In *United States v. Califano,* for example, the defendant was sentenced to a prison term of 235 months, following a hearing in which the court stated, "If I were free to do it, I wouldn't be sentencing anywhere near twenty years, but that's beside the point." 978 F.2d at 66. We noted that the district judge had the power to depart, and we found his statement at best ambiguous as to whether or not he recognized that power. Accordingly, we vacated the sentence and remanded for resentencing.

■ In the present case, the government argues that the district judge was aware of his power. The government points out that this Court had made it clear in *United States v. Johnson,* decided three months prior to Ekhator's sentencing, that family circumstances could form a basis for downward departure; that the district judge himself had in the past granted a downward departure on account of a defendant's family circumstances, *see United States v. Handy,* 752 F.Supp. 561, 563–64 (E.D.N.Y.1990); and that the district judge had also previously, albeit on other grounds, granted a downward departure *sua sponte,* which had been upheld on appeal, *see United States v. Jagmohan,* 909 F.2d 61, 63 (2d Cir.1990). Accordingly, the government asks us to infer that the district judge was aware that he had the power in this case to depart *sua sponte* and that he simply chose not to do so because a departure was not warranted by the circum-

stances. The words chosen by the judge, however, do not lend themselves to the government's proposed inference. His response to Ekhator's plea for the lowest possible sentence in light of her family circumstances was, "I ... wish that the law permitted me to do something, but it doesn't." This response appears to rely on the proposition that the court had no authority to sentence Ekhator below the applicable Guidelines range. At the very best, the court's statement is ambiguous.

Since the law did give the district court the authority to exercise its discretion to depart *sua sponte,* we vacate the judgment and remand for resentencing, so that the court may determine and indicate on the record whether, and to what extent, it will exercise that authority. We of course express no view as to whether or not the court should exercise its discretion to grant a departure in this case.

## CONCLUSION

We have considered all of the government's arguments on this appeal and have found them ultimately to be unpersuasive. The judgment is vacated, and the matter is remanded for further proceedings not inconsistent with the foregoing.