99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Randy LARRAURI, Gerald Dina, and Henry Rodriguez, Defendants,
Javier Sabina and Peter DeFiore, Defendants-Appellants.
 No. 95-1087.
 United States Court of Appeals, Second Circuit.
 Dec. 15, 1995.
 
 GOLDSTEIN, WEINSTEIN & FULD, BRONX, NEW YORK, for Appellant.
 ERIC FRIEDBERG, ASSISTANT UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK, for Appellee.
 E.D.N.Y.
 DISMISSED.
 Before CARDAMONE, WALKER and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Sifton, Chief Judge ), and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal from the judgment of said district court be and it hereby is DISMISSED.
 
 
 3
 Defendant-appellant Peter Defiore[1] appeals from a February 2, 1995 judgment of the district court convicting him, on his guilty plea, of conspiring to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846. Defiore was sentenced to a term of forty-eight months in prison, which he is currently serving. Defiore argues on appeal that the district court erroneously calculated the adjusted base offense level from which to depart by improperly denying him a downward departure pursuant to U.S.S.G. § 2D1.1, Application Note 16.
 
 
 4
 Defiore was a member of a crew of thieves who stole drugs, money, and other valuables primarily from drug dealers' stash houses. On April 15, 1993, the crew attempted to steal what they believed to be 150 kilograms of cocaine from an undercover apartment of the Drug Enforcement Administration. Defiore, who acted as a lookout and monitored a scanner to intercept police radio traffic, was arrested with two others.
 
 
 5
 On June 24, 1993, Defiore pleaded guilty to a superseding information. In the PSR, the Probation Department determined Defiore's base offense level to be thirty-eight under U.S.S.G. § 2D1.1 and the Drug Quantity Table, and calculated Defiore's adjusted base level to be thirty-three upon a two level downward adjustment for minor role pursuant to U.S.S.G. § 3B1.2(b) and a three level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3C1. Subsequently, in response to Defiore's objections, the Probation Department submitted an addendum in which it deemed Defiore eligible for a two point downward departure under U.S.S.G. § 2D1.1, Application Note 16, which provides for a "ceiling" base offense level of thirty-six where, inter alia, a higher base level would over-represent the defendant's true culpability. The government submitted a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based upon Defiore's substantial assistance in the investigation and prosecution of others.
 
 
 6
 At Defiore's sentencing on February 3, 1995, the district court accepted the Probation Department's recommendation that it downwardly adjust the base offense level on the grounds of Defiore's minor role and his acceptance of responsibility from thirty-eight to thirty-three, yielding an imprisonment range of 135 to 168 months. Chief Judge Sifton rejected, however, Defiore's application for a two point downward departure under U.S.S.G. § 2D1.1, Application Note 16. The district court then departed downward pursuant to § 5K1.1 from 156 months to 48 months.
 
 
 7
 Section 2D1.1, Application Note 16 provides:
 
 
 8
 Where (A) the amount of the controlled substance for which the defendant is accountable under § 1B1.3 (Relevant Conduct) results in a base offense level greater than 36, (B) the court finds that this offense level overrepresents the defendant's culpability in the criminal activity, and (C) the defendant qualifies for a mitigating role adjustment under § 3B1.2 (Mitigating Role) ... the court may depart to a sentence no lower than the guideline range that would have resulted if the defendant's Chapter Two offense level had been offense level 36.
 
 
 9
 In general, a district court's exercise of judicial discretion not to grant a downward departure from the sentencing range prescribed by the Guidelines is not appealable. United States v. Ekhator, 17 F.3d 53, 55 (2d Cir.1994); United States v. Whittaker, 999 F.2d 38, 43 (2d Cir.1993); United States v. Ritchey, 949 F.2d 61, 63 (2d Cir.1991) (per curiam). A defendant may only appeal a district court's refusal to downwardly depart if the district court relied on a mistaken belief that it lacked the authority to do so. United States v. Piervinanzi, 23 F.3d 670, 685 (2d Cir.), cert. denied, 115 S.Ct. 267 (1994); Ekhator, 17 F.3d at 55. When "we are unable to discern whether the district court's refusal to depart resulted from the exercise of its discretion or instead resulted from a perceived, but mistaken, lack of authority, we remand to the district court for resentencing." Id. at 55.
 
 
 10
 In this case, there can be no question but that Chief Judge Sifton was aware of his authority to grant a downward departure. In refusing to depart, the district court explained:
 
 
 11
 I'm ... not prepared to adjust downward the high base offense level because of any view that that offense level over-represents Mr. Defiore's culpability. Again, I think the offense level, which I'm treating as at the bottom end of the quantity tables for drugs and not as anything higher than that, does not over-represent his culpability for the offense.
 
 
 12
 Because this explanation demonstrates that the district court considered whether Defiore was entitled to a downward departure but that it declined to exercise its discretion upon its determination that a departure was not warranted by the circumstances, we are without authority to consider Defiore's contention that a departure was improperly withheld from him.
 
 
 13
 For the reasons set forth above, the appeal is hereby DISMISSED.
 
 
 
 [1]
 Although the caption indicates that both Javier Sabina and Peter Defiore are appellants herein, only Peter Defiore has filed a notice of appeal. For this reason, this court does not consider an appeal of Javier Sabina's sentence