99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Jose B. PARRADO, Defendant-Appellant.
 No. 95-1086.
 United States Court of Appeals, Second Circuit.
 Dec. 22, 1995.
 
 APPEARING FOR APPELLANT: DAVID WIKSTROM, NEW YORK, NEW YORK
 APPEARING FOR APPELLEE: DEBRA D. NEWMAN, ASSISTANT UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK
 E.D.N.Y.
 AFFIRMED.
 Before WALKER, JACOBS and PARKER, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Spatt, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Defendant-appellant Jose Parrado appeals from a February 1, 1995 judgment of the district court convicting him, after a jury trial, of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(ii), conspiracy to transfer funds and conduct financial transactions with intent to promote the distribution of cocaine and conceal the source and ownership of cocaine in violation of 18 U.S.C. §§ 371, 1956(a)(2)(A), (a)(2)(B)(i), and (a)(1)(A)(i), two counts of transferring funds with intent to promote the distribution of cocaine in violation of 18 U.S.C. § 1956(a)(2)(A) and two counts of transferring funds to conceal the source and ownership of cocaine distribution in violation of 18 U.S.C. § 1956(a)(2)(B)(i). Parrado was sentenced to concurrent 292-month prison terms on the six counts of conviction, which he is currently serving. On appeal, Parrado challenges his conviction as well as his sentence.
 
 
 3
 Parrado contests his conviction under count one on the ground that there was insufficient evidence to establish his membership in a conspiracy to possess and distribute cocaine. A conviction must stand if, after the "evidence [is] viewed in the light most favorable to the government and all permissible inferences [are] drawn in its favor," the evidence could "convince any rational trier of fact of the defendant's guilt beyond a reasonable doubt." United States v. Martinez, 54 F.3d 1040, 1042 (2d Cir.1995) (citations omitted). Parrado is unable to meet this "very heavy burden," see United States v. Brewer, 36 F.3d 266, 268 (2d Cir.1994), for we find that the evidence overwhelmingly demonstrates that Parrado acted as a member of a conspiracy to possess and distribute narcotics. A defendant's knowledge of the conspiracy and his participation in it with criminal intent may be proved entirely through circumstantial evidence. United States v. Gordon, 987 F.2d 902, 906-07 (2d Cir.1993) (citation omitted). Furthermore, the government need only establish that there was a tacit agreement among the co-conspirators to the essential nature of the plan. United States v. Skowronski, 968 F.2d 242, 247 (2d Cir.1992). Evidence of Parrado's extensive role in the conspiracy was presented through the admission of direct accomplice testimony, corroborating undercover tape-recorded statements of Parrado, law enforcement surveillances of Parrado, and Parrado's possession of detailed drug records of the 1,000 kilogram transaction. The trial record demonstrates that Parrado's participation in the narcotics venture extended beyond record keeping and money laundering to the supervision and monitoring of the amounts distributed and the monies earned. The responsibility and power that attached to Parrado's role in the conspiracy was confirmed by a recorded conversation in which he boasted, "I have the capacity to take care of whatever." Based on this evidence, a jury could reasonably have concluded that Parrado deliberately and intentionally joined and participated in the conspiracy.
 
 
 4
 Parrado argues that he is entitled to specific performance of the government's plea offer. Prior to the commencement of trial, Parrado repeatedly rejected government plea offers; when he offered to plead guilty three days into trial on June 24, 1994, there was no longer a viable offer for him to accept, as the government's plea offer had expired on December 13, 1993. Judge Spatt denied Parrado's motion to compel specific performance after refusing to credit Parrado's explanation that he went to trial to protect his family in Colombia and that once he had demonstrated that he was not the informant who had betrayed Alvaro Quintero, a major Colombian cocaine supplier, he immediately attempted to accept the plea offer. Judge Spatt therefore properly concluded that there was "no unfairness in the Government's unwillingness to renew a previously rejected plea offer well after the trial was underway in which overwhelming evidence of guilt was produced by key accomplice witnesses."
 
 
 5
 Parrado also challenges his sentence on the ground that the district court improperly enhanced his offense level for being an organizer in the cocaine conspiracy pursuant to U.S.S.G. § 3B1.1. As stated above, the evidence indisputably supports a conclusion that Parrado acted in a leadership role.
 
 
 6
 Parrado further argues that the district court improperly denied him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. A reduction on this ground generally does not apply to a defendant "who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, commentary note 2. Judge Spatt did not abuse his discretion in denying Parrado credit for acceptance of responsibility on the ground that he "not only put the government to its burden of proof at trial which he had an absolute right to do, but he continues to deny the full extent of his involvement in the cocaine conspiracy and I do not believe his testimony."
 
 
 7
 Finally, Parrado argues that the sentencing court improperly denied him a downward departure. In general, a district court's exercise of judicial discretion not to grant a downward departure from the sentencing range prescribed by the Guidelines is not appealable. United States v. Ekhator, 17 F.3d 53, 55 (2d Cir.1994); United States v. Whittaker, 999 F.2d 38, 43 (2d Cir.1993). A defendant may only appeal a district court's refusal to downwardly depart if the district court relied on a mistaken belief that it lacked the authority to do so. United States v. Piervinanzi, 23 F.3d 670, 685 (2d Cir.), cert. denied, 115 S.Ct. 267 (1994); Ekhator, 17 F.3d at 55. When "we are unable to discern whether the district court's refusal to depart resulted from the exercise of its discretion or instead resulted from a perceived, but mistaken, lack of authority, we remand to the district court for resentencing." Id. Because the record demonstrates that Judge Spatt was aware of his authority to grant a departure but that he declined to do so upon his determination that a departure was not warranted by the circumstances, we are without authority to consider Parrado's contention that a departure was improperly withheld from him.
 
 
 8
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.