101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
George SANTIAGO a/k/a Tito, Defendant-Appellant.
 No. 96-1024.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 1
 Gerald E. Bodell, NY, NY, for Appellant.
 
 
 2
 Alex V. Hernandez, Assistant United States Attorney Bridgeport, CT, for Appellee.
 
 
 3
 Before OAKES, ALTIMARI and WALKER Circuit Judges.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut (Nevas, Judge ), and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 6
 Defendant-appellant George Santiago appeals from an April 6, 1995 judgment of the district court convicting him, on his guilty plea, of conspiring to possess with intent to distribute and possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Santiago was sentenced to a seventy-month term of imprisonment, which he is currently serving, to be followed by five years of supervised release. Santiago argues on appeal that the district court erred in declining to downwardly depart from the applicable guidelines sentencing range based upon 1) the disparity in how U.S.S.G. § 2D1.1(c) treats crack cocaine and powder cocaine and 2) his substantial assistance to the government.
 
 
 7
 Santiago was involved in the sale of wholesale quantities of crack cocaine. On September 28, 1995, he was arrested in a parking lot in Waterbury, Connecticut upon his attempt to sell more than one hundred grams of crack cocaine to a cooperating witness for the government.
 
 
 8
 Santiago challenges the district court's failure to downwardly depart on the basis of the harsher Sentencing Guideline penalties for crack cocaine. A sentencing court may depart from the guidelines if it finds " 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission.' " United States v. Tropiano, 50 F.3d 157, 162 (2d Cir.1995) (quoting 18 U.S.C. § 3553(b)). In United States v. Haynes, we stated:
 
 
 9
 A downward departure may not be predicated on the fact that penalties for crack cocaine are more severe than those involving cocaine. A departure on such basis is not permitted because the enhanced penalties for crack reflect a rational and specific congressional aim of deterring drug transactions involving crack. The purpose is obvious--crack cocaine is the most addictive and destructive form of cocaine, and because it is also cheaper it is more widely available and has had therefore a corresponding increase in usage.
 
 
 10
 985 F.2d 65, 70, (2d Cir.1993). Santiago points out that the Sentencing Commission last year proposed an amendment that would have eliminated the disparity between sentencing for crack cocaine and powder cocaine related offenses. This proposal in no way alters our prior holding that Congress had, in 1986, a rational basis for its decision to view crack cocaine as a more dangerous substance than powder cocaine and to punish offenders accordingly. See United States v. Stevens, 19 F.3d 93, 96-97 (2d Cir.1984) (where defendant alleged no discriminatory intent, finding rational basis for 100-to-1 weight ratio of 21 U.S.C. § 841(b)(1)). Thus, the district court did not have a legal basis upon which to downwardly depart.
 
 
 11
 Santiago also argues that the district court improperly failed to downwardly depart based upon his assistance to the government. At sentencing, the district court declined to depart under United States v. Garcia, 926 F.2d 125 (2d Cir.1991), in which we held that it was within the district court's discretion to downwardly depart where the defendant entered an early guilty plea and his willingness to testify against the remaining co-defendants resulted in their pleading guilty. In general, a district court's exercise of judicial discretion not to grant a downward departure from the sentencing range prescribed by the Guidelines is not appealable. United States v. Ekhator, 17 F.3d 53, 55 (2d Cir.1994); United States v. Whittaker, 999 F.2d 38, 43 (2d Cir.1993). A defendant may only appeal a district court's refusal to downwardly depart if the district court relied on a mistaken belief that it lacked the authority to do so. United States v. Piervinanzi, 23 F.3d 670, 685 (2d Cir.), cert. denied, 115 S.Ct. 267 (1994); Ekhator, 17 F.3d at 55. In this case, the record demonstrates that the district court simply declined to exercise its discretion upon its determination that a departure was not warranted by the circumstances.
 
 
 12
 Santiago's alternative argument, that he was entitled to a downward departure pursuant to U.S.S.G. § 5K1.1, is also unavailing. The defendant conceded during sentencing that he did not enter into a cooperation agreement with the government as a condition of his guilty plea. Where a defendant did not cooperate pursuant to a plea agreement, "our review is limited to whether the government's decision not to make a 5K1.1 motion was based on an unconstitutional motive." United States v. Kaye, 65 F.3d 240, 243 (2d Cir.1995). In this case, therefore, we may not inquire further into the government's failure to make a motion. Santiago has made no showing of an unconstitutional motive, and we cannot say that the government's failure to make such a motion was not rationally related to a legitimate governmental purpose. Id.
 
 
 13
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.