104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 UNITED STATES of America, Appellee,
v.
Antonio FERMIN; Ronald McClelland; Guarionex Sabala; 1042
Keyes Avenue, Schenectady, New York; 67 Lawrence Street,
Saratoga, New York; 63 Beekman Street; Karen A. Bishop;
Corbin H. Lavoy; Francisco Robinson; aka Robinson Grullon,
aka Francisco Grullon; Susan Schmitt; Vicki Germin; David
Dechants; Arthur Vandetta; John Torres; Leonardo
Gonzales, Defendants,
Kelin Fermin; Andres Morales-Mercado; Yvonne McClelland,
Defendants-Appellants.
 
 Nos. 96-1273, 96-1274, 96-1291.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 FOR APPELLANTS: George E. Baird, Jr., Troy, NY, for Defendant-Appellant Kelin Fermin.
 Gaspar M. Castillo, Jr., Castillo & Siegel, Albany, NY, for Defendant-Appellant Andres Morales-Mercado.
 Lee Greenstein, Albany, NY, for Defendant-Appellant Yvonne McClelland.
 FOR APPELLEE:George A. Yanthis, A.U.S.A., N.D.N.Y, Albany, NY.
 Before JAMES L. OAKES, McLAUGHLIN and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED in part, and VACATED AND REMANDED in part.
 
 
 3
 Federal investigators uncovered an extensive drug distribution ring in the Schenectady, New York, area. Kelin Fermin, Andres Morales-Mercado, and Yvonne McClelland were charged, along with several others, with various drug-related crimes in a multi-count indictment. Fermin, Morales-Mercado, and McClelland each pled guilty in the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., Judge ) to one count of conspiracy to possess and distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1). All three now appeal their sentences.
 
 A. Fermin
 
 4
 The district court, using the 1994 version of the Sentencing Guidelines'[1] Drug Quantity Table, see U.S.S.G. § 2D1.1(c)(4) and Application Note 10(d), set Fermin's base offense level at thirty-two. The court increased this by four levels, concluding that Fermin was an organizer or leader of the criminal activities. See U.S.S.G. § 3B1.1(a). The court then reduced Fermin's offense level by two for his acceptance of responsibility, see U.S.S.G. § 3E1.1(a), and by one for assisting the government, see U.S.S.G. § 3E1.1(b), netting a total offense level of thirty-three.
 
 
 5
 With a criminal history category of one, Fermin faced 135-168 months' imprisonment. See U.S.S.G. Ch. 5, Pt. A (Sentencing Table). But, on the government's motion, the court departed downward from the applicable sentencing range in light of Fermin's substantial assistance to the government, see U.S.S.G. § 5K1.1. It sentenced Fermin to eighty-seven months' imprisonment.
 
 
 6
 Fermin argues that the district court erred in increasing his offense level by four for his role in the offense. We disagree. Because the appropriateness of an adjustment for the defendant's role in the offense "is 'heavily dependent upon the facts of the particular case' ... a district court's judgment about a particular defendant's degree of participation will not be disturbed on appeal unless clearly erroneous." United States v. Olvera, 954 F.2d 788, 793 (2d. Cir.) (quoting U.S.S.G. § 3B1.2), cert. denied, 505 U.S. 1211 (1992); see also United States v. Gomez, 31 F.3d 28, 31 (2d Cir.1994) (per curiam).
 
 
 7
 The evidence established that the drug distribution scheme was run primarily by Fermin and his brother. Fermin himself would go into New York City up to three times a week to buy mass amounts of cocaine, then journey upstate where he would distribute the drugs to others for sale. Fermin also directed others to carry drugs, and oversaw the "cooking" process by which powder cocaine was turned to crack. Based on this evidence, the district court did not clearly err in concluding that Fermin's level of control and supervision warranted a four-level enhancement. See generally United States v. Payne, 63 F.3d 1200, 1212 (2d Cir.1995), cert. denied, 116 S.Ct. 1056 (1996).
 
 B. Morales-Mercado
 
 8
 Again using the Drug Quantity Table, see U.S.S.G. § 2D1.1(c)(4) and Application Note 10(d), the court set Morales-Mercado's base offense level at thirty-two. The court reduced this by two levels for Morales-Mercado's minor role in the criminal activity, see U.S.S.G. § 3B1.2(b), two levels for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), and one level for assisting the government, see U.S.S.G. § 3E1.1(b). Finally, the court applied the "safety valve" provision of U.S.S.G. § 5C1.2 to avoid the statutory mandatory minimum sentence, and decreased Morales-Mercado's offense level by two pursuant to U.S.S.G. § 2D1.1(b)(4) (1995), resulting in a total offense level of twenty-five.
 
 
 9
 Morales-Mercado challenged the 100:1 crack-to-cocaine sentencing ratio found in the Drug Quantity Table, see U.S.S.G. § 2D1.1(c), arguing that the ratio violated his constitutional rights; the court rejected this argument. The court also denied Morales-Mercado's request for an additional two level reduction in his offense level on the ground that his role in the offense was not just minor, but minimal. See U.S.S.G. § 3B1.2(a). A criminal history category of one resulted in a Guidelines' range of 57-71 months' imprisonment. See U.S.S.G. Ch. 5, Pt. A (Sentencing Table). On the government's motion, the court departed downward from the applicable sentencing range in light of Morales-Mercado's substantial assistance to the authorities. See U.S.S.G. § 5K1.1. The court sentenced him to thirty-nine months' imprisonment.
 
 
 10
 Morales-Mercado argues that the district court erred in denying his request for an additional two-level decrease to reflect his minimal role in the offense. Again, we disagree. As mentioned above, we review the district court's findings as to a defendant's role in the offense only for clear error. See Olvera, 954 F.2d at 793. A defendant must prove "by a preponderance of the evidence" that he is entitled to an adjustment for minor or minimal role. Gomez, 31 F.3d at 30-31.
 
 
 11
 The evidence showed that Morales-Mercado was involved in at least one thousand-dollar drug sale; was present at a house where much money and drugs were seized; and was paid for making trips to New York City to obtain and transport drugs. Furthermore, Morales-Mercado himself stated that he was actively "learning the [drug] business" from the Fermin brothers. We cannot say, based on this evidence, that the district court's rejection of a four-level decrease for Morales-Mercado's role in the offense was clear error.
 
 
 12
 Morales-Mercado also renews his argument against the 100:1 crack-to-cocaine sentencing ratio. This Court has considered this argument several times, and has consistently held that the sentencing ratio is driven by a nondiscriminatory intent, and has a rational basis. See United States v. Moore, 54 F.3d 92, 96-99 (2d Cir.1995), cert. denied, 116 S.Ct. 793 (1996); United States v. Stevens, 19 F.3d 93, 96-97 (2d Cir.1994); United States v. Haynes, 985 F.2d 65, 70 (2d Cir.1993). Morales-Mercado offers no persuasive reason to reconsider these rulings; we therefore find his argument meritless.
 
 C. McClelland
 
 13
 The district court set McClelland's base offense level at twenty-six. See U.S.S.G. § 2D1.1(c)(4) and Application Note 10(d). It then reduced her offense level by two for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), and one for assisting the government, see U.S.S.G. § 3E1.1(b). Again, the court applied the "safety valve" provision of U.S.S.G. § 5C1.2 to avoid the statutory mandatory minimum sentence, and decreased McClelland's offense level by two pursuant to U.S.S.G. § 2D1.1(b)(4) (1995). This resulted in a total offense level of twenty-one.
 
 
 14
 McClelland moved for a downward departure on the ground that, as the sole caregiver to her four children (including three children under the age of nine), she had extraordinary family responsibilities. See U.S.S.G. § 5H1.6; United States v. Ekhator, 17 F.3d 53, 55 (2d Cir.1994). The district court denied this motion. With her criminal history category of one, McClelland was subject to 37-46 months' imprisonment. See U.S.S.G. Ch. 5, Pt. A (Sentencing Table). The government moved for a downward departure from this range in light of McClelland's substantial assistance. See U.S.S.G. § 5K1.1. Granting that departure, the court sentenced McClelland to twenty-one months' imprisonment.
 
 
 15
 McClelland now argues that the district court erred in denying her request for a downward departure on the basis of her family circumstances. "[A] district court's refusal to depart downwardly is not appealable unless the guidelines were misapplied, the court misapprehended its authority or imposed an illegal sentence." United States v. Haynes, 985 F.2d 65, 68 (2d Cir.1993); see also United States v. Ritchey, 949 F.2d 61, 63 (2d Cir.1991) (per curiam). If we cannot discern from the record whether the district court exercised its discretion, or instead misapprehended its authority, we often remand to the district court for resentencing. See, e.g., Ekhator, 17 F.3d at 55.
 
 
 16
 We find the record in this case at least ambiguous. See id. at 56. At McClelland's sentencing hearing, the court recommended that she participate in a comprehensive residential drug treatment program, and made some reference to McClelland's "family;" it is unclear, however, whether the district court rejected her request for a downward departure in its discretion, or overlooked its power to depart. We therefore vacate McClelland's sentence, and remand to the district court so that it may expressly consider a downward departure on the grounds of her extraordinary family circumstances. We express no opinion on the merits of McClelland's request for a downward departure; the district court may accept or reject her arguments in its discretion, so long as the court exercises its discretion.
 
 
 17
 Accordingly, the decision of the district court is AFFIRMED in part (with respect to Fermin and Morales-Mercado), and VACATED AND REMANDED in part (with respect to McClelland), with instructions to the district court to explicitly consider McClelland's request for a downward departure on the grounds of extraordinary family circumstances, and exercise its discretion with respect thereto.
 
 
 
 [1]
 Unless otherwise indicated, all citations to the Sentencing Guidelines are to the 1994 version under which the Appellants were sentenced