UNITED STATES of America, Plaintiff,

v.

Howard ZUKERMAN, Defendant.

No. 99–CR–836.

United States District Court, E.D. New York.

Nov. 17, 2000.

Loretta Lynch, United States Attorney, Brooklyn, NY, By Assistant United States Attorney Stanley J. Okula, Jr., for Plaintiff United States of America.

DePetris & Bachrach, New York, NY (Ronald E. DePetris, Marion Bachrach, and Seth F. Kaufman, of counsel), for Defendant Howard Zukerman.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This is a criminal case, now under superseding indictment S–2, charging the Defendant Howard Zukerman with income tax evasion and tax fraud. Presently before the Court is the Defendant's motion to dismiss the indictment for vindictive prosecution or for reinstatement of the Government's plea offer.

### BACKGROUND

The Court has previously issued an opinion in this case, and the background set forth in *U.S. v. Zuckerman*, 88 F.Supp.2d 9 (E.D.N.Y.2000), is incorporated here by reference.

In the Spring of 2000, the parties discussed the possibility of a plea arrangement. The Government offered to drop the four felony false statement charges if, in exchange, Zukerman would plead guilty to the four misdemeanor failure to file charges, accept the Government's loss calculation, and waive any appeal. In addition, the plea offer contained the following language:

The parties agree that neither a downward nor an upward departure from the sentencing range set forth above is warranted. Accordingly, neither party will seek such a departure or ... suggest that the Court *sua sponte* consider such a departure or adjustment.

Although Zukerman was otherwise willing to accept the plea, he objected to the provision precluding downward departures, stating that he intended to seek a downward departure on the basis that he had attempted to proceed under the IRS' "voluntary disclosure policy." In *U.S. v. Tenzer,* 213 F.3d 34 (2d Cir.2000), the Second Circuit recently held that an unfair application of the voluntary disclosure policy is a factor that the trial court has discretion to consider in determining an appropriate sentence.

Zukerman's counsel wrote to the Court on May 18, 2000, objecting to the Government's requirement that he waive his right to seek a downward departure as a condition of the plea. On May 19, 2000, the parties appeared before this Court at a status conference, where the Defendant clarified his position in that his only objection to the plea offer was to language that prevented him from suggesting to the Court that it could *sua sponte* downwardly depart based on *Tenzer.* The Government, however, indicated that it was withdrawing the plea offer in its entirety at that time, and the Court refused to rule on Zukerman's request as it was then moot. Nevertheless, Zukerman indicated that he would be willing to change his plea on the misdemeanor counts to "Guilty" even in the absence of a plea agreement, and he entered a plea on those counts the same day.

The parties have been unable to reach agreement on the disposition of the remaining felony counts, which the Court set down for trial for November 6, 2000. On August 8, 2000, the Grand Jury returned a superseding indictment S–1 against Zukerman. Superseding indictment S–1 added no new counts, but did set forth additional sources of income that Zukerman allegedly failed to disclose on his returns. While this motion was pending, the Government filed superseding indictment S–2, which simply changed calculations of certain income allegedly earned by the Defendant.

The Defendant now moves to dismiss superseding indictment S–1, containing only the four felony charges, or require the reinstatement of the plea agreement without the "no downward departure" condition on the grounds that the Government is engaging in a vindictive prosecution.

## DISCUSSION

At the outset, the Court has some concerns regarding the ripeness of the instant motion. Following the Government's withdrawal of the plea offer on May 19, 2000, the Defendant entered an unconditional plea of guilty to the four misdemeanor false statement counts. Because this plea was not subject to the restrictions in the plea agreement offered by the Government, the provision in the plea agreement limiting Zukerman's right to move for a downward departure is inapplicable. In other words, when he is sentenced on the failure to file counts, Zukerman is free to move the Court for a downward departure based on *Tenzer,* or for any other reason. Zukerman has yet to even stand trial on the remaining false statement counts. If he is convicted at trial of the felony counts, he will have the opportunity to move for a downward departure on those charges as well. Accordingly, it does not appear that the legality of the plea agreement provisions is ripe, because Zukerman will not be

sentenced under the terms of the plea agreement on either set of charges.

In addition, the Court is mindful of the admonition in Fed.R.Crim.P. 11(e) that "the court shall not participate in any discussions between the parties concerning any such plea agreement."

However, Zukerman's current motion seeks dismissal of the four felony counts on the grounds that the continued prosecution of these counts is vindictive. Apparently, his argument is that he accepted all of the terms of the Government's plea offer except the prohibition on downward departures, which he contends that the Government could not legally impose. Zukerman argues that, because he exercised his right to seek judicial review of the ban on downward departure motions, the Government retaliated against him by withdrawing the plea offer and proceeding to trial on the felony counts. Accordingly, the Court will confine its consideration of the instant motion to the narrow question of whether the Government's actions in this case warrant a presumption of vindictiveness.

■■■ An indictment will be dismissed if there is a finding of "actual" vindictiveness, or if there is a presumption of vindictiveness that has not been rebutted by objective evidence justifying the prosecutor's action. *U.S. v. Johnson,* 171 F.3d 139, 140 (2d Cir.1999), *U.S. v. King,* 126 F.3d 394, 397 (2d Cir.1997). A presumption of vindictiveness arises when the circumstances of the case create a "realistic likelihood" of prosecutorial vindictiveness. *Id.* The Second Circuit has declined to presume vindictiveness from the Government's pretrial decision to modify charges against a defendant after the defendant decided not to plead guilty and go to trial. *U.S. v. White,* 972 F.2d 16, 19 (2d Cir. 1992), *citing U.S. v. Goodwin,* 457 U.S. 368, 384, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). In addition, the Court notes that this Circuit expressly permits defendants to waive the right to move for a downward departure as a condition of a plea agree-

ment. *U.S. v. Braimah,* 3 F.3d 609, 612 (2d Cir.1993) ("Given that defendants can waive elemental constitutional and statutory rights, there is no reason why defendants should not be able to waive their less fundamental prerogative to request a downward departure"); *see also U.S. v. Ekhator,* 17 F.3d 53, 55 (2d Cir.1994) ("the court has the authority to grant a departure on this ground sua sponte, even though the defendant may have entered into a plea agreement in which she agreed not to move for a downward departure").

The foregoing law establishes that there is no presumption of vindictiveness from the provision in the Government's plea offer that prohibited Zukerman from moving for a downward departure, or from the Government's filing of a superseding indictment which asserted no new charges against him. Thus, to the extent that Zukerman argues that the Government's vindictiveness has been shown, it must arise from either the Government's requirement that Zukerman agree not to suggest to the Court that a *sua sponte* departure is appropriate, or from the Government's withdrawal of the plea offer when Zukerman sought a ruling from the Court on this condition.

■■■ Turning first to the provision prohibiting Zukerman from suggesting that the Court consider a *sua sponte* downward departure, the Court is of the view that such a provision does not demonstrate any vindictiveness on the part of the Government. In fact, the Court sees only semantical differences between a defendant agreeing not to move for a downward departure and a defendant agreeing not to suggest to the Court that a *sua sponte* downward departure is appropriate. The expression *"sua sponte"* is defined as "of his or its own will or motion; voluntarily; *without prompting or suggestion," Black's Law* Dictionary, at 1424 (6th ed.1990) (emphasis added), and thus, a defendant's "suggestion" that the Court depart *sua sponte* is an oxymoron. The Court finds

that a "suggestion that the Court *sua sponte* consider" a downward departure is the equivalent of a motion for a downward departure, and thus, a condition prohibiting a defendant from making such a suggestion is a permissible condition of the plea agreement.

The Second Circuit's decision in *Braimah* is not to the contrary. In *Braimah,* the Second Circuit wrote:

> Braimah contends, however, that a condition precluding a defendant from moving for a downward departure improperly intrudes on a district court's obligation to consider all relevant factors in sentencing.... This argument is fundamentally flawed. As Braimah's counsel conceded at oral argument, the condition precluding her from moving for a downward departure did not prevent Braimah from telling the court about her background, character or conduct. The condition also did not prevent her from advising the court of its ability to depart downwards sua sponte.

3 F.3d at 612. Although a cursory reading of the quoted language implies that the Second Circuit sees a difference between a defendant moving for a downward departure and "advising the court of its ability to depart downwards sua sponte," a more logical reading of the passage reveals a contrary interpretation. In *Ekhator,* the Second Circuit observed that the sentencing court's mistaken belief that it could not downwardly depart *sua sponte* warranted overturning the sentence. 17 F.3d at 55 ("if in declining to depart the district court stated a belief that it had no power to depart, and if that belief was erroneous, we vacate the sentence and remand for further proceedings"). Under these circumstances, the Court views the passage in *Braimah* regarding a defendant's right to "advis[e] the court of its ability to depart downwards sua sponte" refers to a situation such as in *Ekhator,* where the defendant is free to correct a mistaken belief by the court that it lacks such power. Indeed, in *Braimah,* the passage quoted above is followed by the court's discussion of a "cognate"—that is, a "related"—argument that her sentence should be vacated because the sentencing court erred in believing that it lacked the authority to depart *sua sponte,* 3 F.3d at 612. Significantly, the court in *Braimah,* the court chose the term *"advising* the court of its ability to depart *sua sponte* " rather than using the term "suggesting." The latter term involves the defendant initiating the court's consideration of a departure which for all practical purposes is equivalent to affirmatively moving for a departure while the former term can be interpreted to permit the defendant to correct a mistake by the court without necessarily prompting the dialogue.

Zukerman argues that preventing him from informing the Court of the *Tenzer* departure violates 18 U.S.C. § 3661, which requires that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." The provisions of 18 U.S.C. § 3661 would certainly permit Zukerman to inform the Court about the particular efforts he made to contact the IRS and disclose his filing status, or to explain that he intended to comply with the voluntary disclosure policy. A plea agreement provision which prohibits him from then requesting a downward departure based on those facts in no way prevents the Court from receiving and considering the facts themselves. Accordingly, the Court sees nothing in the Government's plea offer that would violate 18 U.S.C. § 3661.

█ Finally, to the extent that Zukerman contends that the Government's withdrawal of the plea agreement in response to his request that the Court invalidate it, the Court sees no basis to presume vindictiveness in that act. It was clear that Zukerman was steadfast in his refusal to accept the plea agreement *as offered,* and thus, the Government was certainly within

its rights to withdraw it. While the timing of the withdrawal occurring on the morning of a conference before the Court on Zukerman's request for a ruling as to the validity of the requirement that he waive the right to seek a downward departure might suggest a causal connection between Zukerman's request for a ruling and the decision to withdraw the offer, the Court sees nothing inherently vindictive or improper about such an action. Even assuming that the Government withdrew the offer to prevent the "no downward departure" provision from being held unlawful, nothing in the record suggests that the Government was prepared to offer Zukerman the plea agreement without that condition in place. If Zukerman had successfully challenged the propriety of the "no downward departure" provision, it is entirely possible, and perhaps even probable, that the Government would have reconsidered whether it wished to proceed with the plea agreement without the downward departure provision.

More importantly, Zukerman was not exposed to any additional charges or enhanced punishment following his challenge to the plea offer. Accordingly, because Zukerman was being prosecuted on the same charges (with only minor differences) both before and after he challenged the plea agreement, he fails to establish any facts warranting a presumption of vindictive prosecution. *See U.S. v. Sanders*, 211 F.3d 711, 715 (2d Cir.2000) (element of claim of vindictive prosecution is that "[the defendant] would not have been prosecuted except for the [prosecutor's] animus").

### CONCLUSION

For the foregoing reasons, Zukerman's motion to dismiss the superseding indictment or reinstate the plea offer on the basis of vindictive prosecution is DENIED.

**SO ORDERED.**