UNITED STATES of America,
Appellee,

v.

Joseph MERCADO, Defendant,

Charles Bryant, also known as C–
Rock, Defendant–Appellant.

No. 07–3347–cr.

United States Court of Appeals,
Second Circuit.

Oct. 7, 2008.

**116**

Robin C. Smith, Brooklyn, NY, for Appellant.

Seetha Ramachandran, Assistant United States Attorney, (Jonathan S. Kolodner, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI and Hon. JANE R. ROTH,[1] Circuit Judges.

## SUMMARY ORDER

Defendant Charles Bryant, who was convicted on multiple counts of crack trafficking in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, appeals

---

1. The Honorable Jane R. Roth, of the United States Court of Appeals for the Third Circuit, sitting by designation.

2. Bryant also challenges the admission of a summary chart relating to these buys.

his conviction, arguing that he was denied a fair trial by the court's refusal to preclude irrelevant, prejudicial evidence and by improper remarks in the government's summation. Bryant argues that, in any event, he is entitled to resentencing in light of *Kimbrough v. United States,* ——— U.S. ———, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Inadmissible Evidence*

Bryant argues that he was prejudiced by the trial court's decision to admit agent testimony (a) indicating general responsibilities for investigating "street level narcotics trafficking *and, in particular, violent crimes associated with narcotics use* in the area," Appellant's Br. at 15 (citing Trial Tr. 45–46 (emphasis in brief)); (b) identifying the residents of a housing development involved in the crime to include "poor, elderly, and [single parents]," *id.* at 21; (c) describing direct observations of various persons entering and exiting the development; and (d) summarizing eight crack buys attributed to Bryant.[2]

At the outset, we note that only the first item of agent testimony drew a defense objection at trial.[3] Accordingly, we review Bryant's other evidentiary challenges only for plain error, which means that defendant must demonstrate error that was plain, that affected substantial rights, and that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508

---

3. Although the objection was based specifically on hearsay, for purposes of this appeal, we assume that it was broad enough to cover defendant's appellate argument that the evidence was more prejudicial than probative.

(1993); *accord United States v. Regalado,* 518 F.3d 143, 147 (2d Cir.2008). A defendant's burden even at the initial error step of analysis is a heavy one because, absent constitutional concerns, we review a trial court's evidentiary rulings, including its assessment of the relative probative value and prejudicial effect of the evidence, only for abuse of discretion. *See, e.g., United States v. Khalil,* 214 F.3d 111, 122 (2d Cir.2000).

■ Applying these principles to the statement about "violent crimes," we caution the government about unnecessarily eliciting testimony about agents' responsibilities not relevant to the charged crime. We, nevertheless, identify no abuse of discretion in the district court's ruling because the remark about "violent crimes" was clearly limited to the agent's general responsibilities, and the government never suggested that Bryant himself was ever involved in any violent conduct.[4] Even if the admission of this statement were error, however, we would conclude that it was harmless beyond a reasonable doubt in light of the overwhelming evidence— much of it direct evidence—of Bryant's sales of crack cocaine. *See United States v. Dhinsa,* 243 F.3d 635, 649–50 (2d Cir. 2001) (collecting cases).

As for Bryant's remaining evidentiary challenges, because a sufficient foundation in the record supports the admission of this evidence, and because the probative value of the evidence is not clearly outweighed by unfair prejudice, we identify no error, let alone plain error, in the district court's failure to exclude the challenged items *sua sponte.*

### 2. *Prejudicial Summation*

■ Bryant submits that "inflammatory, inaccurate, and improper arguments" in the government's summation deprived him of a fair trial. Appellant's Br. at 21. Specifically, he faults the government for (1) misrepresenting the record by arguing that there were eight "face-to-face, hand-to-hand" drug deals with Bryant, when the evidence showed that alleged co-conspirators often delivered the drugs to the undercover officer, *id.* at 19 (quoting Trial Tr. at 430); and (2) appealing to the jury's emotions by referring to the law enforcement officers' jobs as "dangerous," and arguing that the drugs seized in the course of the investigation would not "go right back out on the streets of the Bronx to be used by addicts," *id.* (quoting Trial Tr. at 429).

Significantly, Bryant failed to object to these remarks at trial. Even when an objection is raised, "[i]t is a rare case in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." *United States v. Rodriguez,* 968 F.2d 130, 142 (2d Cir.1992) (internal quotation marks omitted); *see United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). To secure reversal, a defendant must demonstrate "more than mere trial error"; "he must demonstrate misconduct so egregious that, when viewed in the context of the entire trial, it substantially prejudiced him." *United States v. Newton,* 369 F.3d 659, 681 (2d Cir.2004) (and cases cited therein). When no objection is raised, a defendant bears the added burdens of the plain error standard. *See United States v. Olano,* 507

---

**4.** We recognize that the government did elicit testimony that, on the date of Bryant's arrest, the agent was involved in the execution of a search warrant "on one of the drug *firearms* stash locations that we had discovered during the investigation." Appellee's Br. at 14 (cit-

ing Trial Tr. 51–52). No objection was raised to this testimony, however, which, in context, plainly referred to the apartment of another target. Moreover, the government did not refer to "firearms" or a "firearms stash location" in its summation.

U.S. at 732, 113 S.Ct. 1770; *accord United States v. Newton,* 369 F.3d at 682.

We conclude that the challenged remark about "face-to-face, hand-to-hand" drug deals, when viewed in the context of the summation as a whole, manifests no error because the government itself highlighted the fact that Bryant did *not* always deliver the crack cocaine himself, but relied on confederates. Thus, a jury would readily have understood the remark to indicate that, in each of the eight crack transactions at issue, Bryant and the undercover officer were face-to-face at some point in the negotiations, and that the undercover received the drugs in a hand-to-hand exchange, whether from Bryant or one of his subordinates.

■ As for the challenged reference to the "dangerousness" of the officers' work, the context of this rebuttal comment again demonstrates why there was no error. In the defense summation, counsel challenged the credibility of various testifying officers by noting their failure to employ certain techniques to corroborate their dealing with defendant. Such an argument invited the government to point to record evidence explaining why the suggested corroborative means were not employed: "You heard why during this trial. Forty-one years of law enforcement experience among Agent Byrd, Detective Garcia and Detective Farro led them to conclude that it was too dangerous to do here." Appellee's Br. at 35–36 (quoting Trial Tr. at 502–03). This argument, based on record evidence, did not cross the line of fair response. *See United States v. Young,* 470 U.S. at 12, 105 S.Ct. 1038 (describing doctrine of "invited response"); *accord United States v. Rivera,* 971 F.2d 876, 883–84 (2d Cir.1992) (same).

■ Finally, context indicates that the remark about drugs not going back on the street was not an unfair appeal to jury emotions. *See generally United States v. Wilner,* 523 F.2d 68, 74 (2d Cir.1975) (observing that prosecutor is not "an automaton whose role on summation is limited to parroting facts already before the jury"); *United States v. Wexler,* 79 F.2d 526, 530 (2d Cir.1935) (recognizing that summation is not "a detached exposition [such] as would be appropriate to a lecture"). The government explained that, contrary to Bryant's expectations, he was not selling crack to an actual drug dealer who would put the drugs "right back out on the streets of the Bronx to be used by addicts," but to a law enforcement officer who would "voucher[them] into evidence, so that you [the jury] could see for yourselves the actual drugs that Bryant ... sold in this case." Appellee's Br. at 16 (quoting Trial Tr. 429). Such an argument does not manifest substantial prejudice, let alone call into question the integrity and fairness of the judicial process. *Cf. United States v. Simmons,* 923 F.2d 934, 955 (2d Cir.1991) (holding that prosecutor's summation reference to the "collapsed veins of junkies" was not enough, by itself, to warrant reversal).

3. *Resentencing*

■ Bryant submits that because his conviction is for crack trafficking, his case should be remanded to the district court for possible resentencing in light of *Kimbrough v. United States,* 128 S.Ct. at 564 (holding that district judge "may consider the disparity between the Guidelines treatment of crack and powder cocaine offenses" in deciding to impose non-Guidelines sentence) and *United States v. Regalado,* 518 F.3d at 149 (creating remand mechanism "to give the district court an opportunity to determine whether it would have imposed a non-Guidelines sentence" in light of *Kimbrough*).

It is unclear whether this contention of Bryant's is meritorious. We have earlier held that where a defendant is sentenced "pursuant to a Guidelines range that results from his status as a career offender, and without reliance upon the Guidelines' drug quantity table and the crack to powder ratio that it incorporates, the sentence does not present the type of error for which remand in accordance [with] *Regalado* is appropriate." *United States v. Ogman*, 535 F.3d 108, 111 (2d Cir.2008).

Bryant's status as a career offender was a function of his two prior robbery convictions. *See* U.S.S.G. § 4B1.1(a). Because his crack crimes of conviction carry a *statutory* maximum of life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A), his offense level was determined, without objection, to be 37, *see* Sent. Tr. at 3, 10; *see also* U.S.S.G. § 4B1.1(b) (providing that, with certain exceptions not applicable here, "if the offense level for a career offender ... is greater than the offense level otherwise applicable, the [career offender] offense level ... shall apply").

On its face, this case would appear to be governed by *Ogman*. However, "where there are any ambiguities in the record [as to the district court's understanding of its variance discretion], a remand for clarification is appropriate." *United States v. Keller*, 539 F.3d 97, 101 (2d Cir.2008) (emphasis added) (citing, inter alia, *United States v. Ekhator*, 17 F.3d 53, 55 (2d Cir.1994) ("[I]f we are unable to discern whether the district court's refusal to depart [downward] resulted from the exercise of discretion or instead from a perceived, but mistaken, lack of authority, we remand to the district court for re-sentencing.")).

Here, it is unclear whether the district court "fully appreciate[d] the extent of its discretion" to depart downward. *Regalado*, 518 F.3d at 148. Although the sentence was not based on the Guidelines' drug quantity table, the judge noted the higher Guidelines range for crack cocaine offenses, saying that:

> [t]he Court has also considered that the role of crack in this offense has led to a substantially higher advisory term than the defendant would likely have faced with comparable quantities of other dangerous drugs, although the Court does acknowledge that the defendant is in the career offender category, and so that drives the range to a substantial degree.

Sent. Tr. at 12–13 (emphasis added).

The statement that the career offender category "drives the range to a substantial degree" could mean one of two things: (1) that the district court considered its discretion to depart downward further than it did, and decided against it;[5] or (2) that the district court would have departed further but felt that it was legally impermissible to do so. The former would be a permissible exercise of discretion. However, if the district court meant the latter, a remand would be appropriate. *Cf. Ekhator*, 17 F.3d at 55. The term of supervised release suggests that the district court felt bound by the Guidelines; the supervised release term was increased by five years after the prison term was decreased by five years to ensure Bryant was subject to "a total period of oversight and restriction comparable to that recommended by the advisory guidelines." Doing so because the crack/powder disparity "dr[o]ve the range to a substantial degree," and thus failing to recognize its permitted discretion

---

5. Bryant received a below-Guidelines range, but this seems to be out of concern that Bryant would be relatively old upon release and a desire to give Bryant time to make arrangements for care in his later years, not based on the crack/powder disparity. *See* Sent. Tr. at 12–13.

to depart would constitute reversible error. The record is not unambiguously clear as to whether the sentencing judge would have departed even further if she were fully aware of her discretion. Therefore, a remand is appropriate, in order to permit the district court to clarify the meaning of the remarks pertaining to crack cocaine and awareness of its discretion to depart further.

The judgment is AFFIRMED in all respects, except that the case is REMANDED to the district court pursuant to the procedures set forth in *United States v. Regalado*, 518 F.3d 143, for further consideration of sentence consistent with this order.